## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT YOUTSEY,

     Plaintiffs,                         Case No.

v.                                      Hon.

TROY DESIGN &
MANUFACTURING CO.,

     Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
617 Detroit St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com
Brendan@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Robert Youtsey, by and through his attorneys, HURWITZ LAW

PLLC, hereby alleges as follows:

## **INTRODUCTION**

1.     Robert Youtsey served Defendant over 26 years of discipline-free employment prior to his without cause termination on January 21, 2021.  Prior to termination, Mr. Youtsey personally witnessed Defendant fire several older employees, only to watch younger employees assume those roles.  That is why Mr. Youtsey believes Defendant's proffered justification for firing him, an alleged "restructuring" of the company, is nothing more than a pretextual reason to terminate a 61-year-old in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

## **PARTIES AND JURISDICTION**

2.     Plaintiff Robert Youtsey ("Plaintiff") is an individual residing in the City of Milan, County of Monroe, State of Michigan.

3.     Defendant is a domestic for-profit corporation headquartered in City of Plymouth, County of Wayne, State of Michigan.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim pursuant to the Family Medical Leave Act and the Age Discrimination in Employment Act of 1968, 29 U.S.C. § 623, *et seq*.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims.

5.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e), as it is the district in which Plaintiff resides.

6.     Plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission on May 23, 2022, and it has been over 60 days since he filed his charge.

## GENERAL ALLEGATIONS

7.     Defendant is a for-profit company in the stamping, engineering, and prototype operations industry with facilities in Michigan and Illinois.

8.     At all times relevant to this Complaint, Plaintiff was employed by Defendant, first as an Assembly Manager, then as a Night Shift Plant Manager.

9.     Plaintiff, a leader in his department, was well-respected in the workplace and admired for his knowledge of prototype assembly.

10.     Plaintiff helped introduce robotized assembly and roller hemming in the facility around the same time Defendant became a wholly owned subsidiary of the Ford Motor Company in 1999.

11.     In 2018, Plaintiff was diagnosed with prostate cancer and received time off to undergo surgery.

12.     Upon Plaintiff's return to work in March 2019, he witnessed Defendant unceremoniously terminate several older, similarly tenured employees.

13.     Defendant's series of terminations included the former Chief Executive Officer and Vice President of the Company, as well as Defendant's Plant Manager, who hired Plaintiff.

14.     Defendant also methodically terminated several employees predating Ford Motor Company's purchase of Defendant's Company.

15.     When the COVID-19 pandemic first struck the United States in 2020, Plaintiff was concerned for his health because his prostate cancer left him immunocompromised with potential comorbidities.

16.     Plaintiff requested time off from work due to his health concerns, to which Defendant obliged.

17.     Plaintiff was subsequently placed on leave of absence for three months.

18.      Upon Plaintiff's return to work, Defendant changed Plaintiff's position from Assembly Manager to Night Shift Manager.

19.     Plaintiff's change in position arose from his protected medical leave in violation of the Family Medical Leave Act ("FMLA") and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA").

20.      Recently, Plaintiff required knee surgery and took medical leave for eight weeks.

21.     As Night Shift Manager, Plaintiff experienced isolation from other employees.

22.   In fact, other managers regularly gathered to hold meetings that purposefully excluded Plaintiff.

23.   On January 21, 2022, Plaintiff was suddenly and unceremoniously terminated, offering only a few months of health insurance coverage as severance.

24.   Upon requesting an explanation for termination, Defendant informed Plaintiff that the company required "restructuring" and Plaintiff "was no longer needed."

25.   Defendant's proffered explanation for terminating Plaintiff is not credible – Defendant did not eliminate the night shift entirely, and younger employees have assumed the same duties and responsibilities that Plaintiff once held.

26.   Prior to his unexpected termination, Plaintiff had no prior history of discipline.

27.   Prior to his unexpected termination, Plaintiff never received any formal or informal warnings.

28.   Prior to his unexpected termination, Plaintiff was never placed on a performance improvement plan.

29.   Plaintiff was sixty-one (61) at the time of his termination.

30.   Plaintiff was denied an earned bonus due to his unlawful termination.

<u>**COUNT I**</u>
**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT
("ADEA")
(DISPARATE TREATMENT BASED ON AGE)**

31.    Plaintiff incorporates the foregoing paragraphs by reference herein.

32.    Pursuant to the Age Discrimination in Employment Act ("ADEA"), Plaintiff is a member of a "protected class" because he was 61 years old at the time of his termination.

33.    Plaintiff consistently met or exceeded Defendant's legitimate job expectations during his employment.

34.    Defendant took one or more adverse actions against Plaintiff because of his age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger, and then terminating Plaintiff without any justification after he had been an exemplary employee for many years.

35.    Defendant treated similarly situated younger employees more favorably than it treated Plaintiff.

36.    Defendant's discriminatory conduct towards Plaintiff was intentional.

37.    Defendant's conduct was done with malice or reckless indifference to Plaintiff's rights under federal law.

38.     Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age on June 30, 2022.

39.     Defendant's discriminatory conduct towards Plaintiff has damaged Defendant.  His damages include, but are not limited to,  lost wages, damage to his career, lost benefits, future pecuniary losses, inconvenience, emotional and psychological harm, and other harm.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE ELCRA**
**(DISPARATE TREATMENT BASED ON AGE)**

40.     Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

41.     Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2010, *et seq*.

42.     Defendant is an employer within the meaning of the ELCRA, M.C.L. 37.2101, *et seq.*

43.     The ELCRA prohibits, among other things, discrimination based upon age.

44.     Plaintiff is sixty-one (61) years old.

45.     Plaintiff was qualified for his respective position.

46.     Plaintiff was held to different standards than his younger coworkers based on his age.

47.     Defendant subjected Plaintiff to adverse action, including termination, while younger, similarly situated employers were retained.

48.     Defendant's discriminatory conduct was willful.

49.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered, and will continue to suffer, harm, including: economic and non-economic loss, including but not limited to: lost wages, damages to Plaintiff's professional reputation, emotional distress, outrage, humiliation, indignity, and disappointment.

**COUNT III**
**FAMILY AND MEDICAL LEAVE ACT OF 1993 ("FMLA")**
**(RETALIATION)**

50.     Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

51.     Plaintiff dutifully and professionally performed his duties as Assembly Manager prior to Defendant changing Plaintiff's position to Night Shift Manager upon his return from FMLA-protected medical leave.

52.     Plaintiff's compromised immune system due to his history of prostate cancer is a serious health condition under the FMLA, as it is an injury, impairment,

or physical condition that involved inpatient care in a hospital and continuing treatment by a health care provider.  29 U.S.C. § 2611 (11).

53.    "To invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc.,* 149 F.3d 517, 523 (6th Cir. 1998).

54.    The conversations between Plaintiff and Defendant placed Defendant on notice that Plaintiff required medical leave under the FMLA.

55.    Plaintiff's compromised immune system due to his history of prostate cancer constituted a qualifying reason for requesting FMLA leave because the onset of the COVID-19 pandemic left him unable to work on premises.

56.    Defendant changed Plaintiff's position from Assembly Manager to Night Shift Manager in retaliation for Plaintiff exercising his rights under the FMLA.

57.    A causal connection exists between the exercise of Plaintiff's protected rights and his termination.  "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facia case of retaliation." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

58.    Defendant cannot set forth evidence that it planned to change Plaintiff's position prior to his FMLA-protected medical leave.

59.   By retaliating against Plaintiff's use of FMLA-protected medical leave by changing Plaintiff's position, Defendant failed to comply with 29 U.S.C. § 2614(1)(A)-(B) which states that an employee returning from medical leave has the right to "be restored by the employer to the position of employment held by the employee when the leave commenced" or "to an equivalent position with the equivalent employment benefits, pay, and other terms and conditions of employment."

60.   Defendant's actions in violation of the FMLA were willful.

61.   As a direct and proximate result of Defendant's retaliation against Plaintiff for exercising his FMLA rights, Plaintiff suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

62.   As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of an impairment of his earning capacity and ability to work in the future.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff claims as follows:

10

A.      Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, compensatory damages, emotional distress, punitive damages, and attorney fees under the ADEA, ELCRA and FMLA;

B.      Pre and Post-Judgment Interest;

C.      Punitive damages; and

D.      All further relief as the Court deems just and equitable.

> Respectfully submitted
> HURWITZ LAW PLLC
>
> */s/ Noah S. Hurwitz*_____
> Noah S. Hurwitz (P74063)
> Attorney for Plaintiffs
> 617 Detroit St. Ste. 125
> Ann Arbor, MI 48104
> (844) 487-9489

Dated: August 10, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT YOUTSEY,                                Case No.

     Plaintiff,                                Hon.

v.

TROY DESIGN &
MANUFACTURING CO.,

     Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
617 Detroit St., STE 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com
Brendan@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Robert Youtsey, by and through his attorneys, HURWITZ LAW PLLC, hereby demand a jury trial in the above-captioned matter for all issues so triable.

                                   Respectfully submitted,
                                   HURWITZ LAW PLLC

/s/ Noah S. Hurwitz_____

Dated: August 10, 2022          Noah S. Hurwitz (P74063)